This appeal is from a determination that four trusts established by the donor, Elmer E. Garnsey, were taxable because made in contemplation of death and in lieu of a testamentary disposition.
Elmer E. Garnsey died in 1946, aged 84. In 1933 he established three trusts for his children, Laura G. Seabury, Helen G. Haring and Julian E. Garnsey. As of the date of death, each trust was valued at approximately $32,000. From the Transfer Inheritance Tax viewpoint the significant feature of each trust was the donor's retention of the right of reversion to him together with the right to alter, amend and revoke each trust. In 1935 he set up a trust for his wife, valued at date of death at $123,631.32. It is conceded by the *Page 108 
Commissioner that the latter trust was "in the form of a completed, presently effective gift, by means of a trust agreement which was irrevocable and retained no rights to the creator." In 1937 the donor amended the trusts in favor of the children by relinquishing his retained rights of reversion and to alter, amend or revoke. In 1933 the donor was in excellent health; thereafter he continued to possess a sound mind and vigorous body. Until 1937 he traveled extensively and attended concerts and lectures, was quite a walker and led an active life. He expressed no apprehension of a near demise. The appraised value of the estate at donor's death was $568,186.71 and the aggregate amounts of the four trasts is a substantial fraction thereof.
Each case of this nature must be decided upon the facts peculiar to it and an attempt to arrive at a proper conclusion by reference to what was said in other cases with differing facts, tends to lead to confusion. The trusts under consideration were established long prior to two years before the donor's death; hence there is no presumption that they were made in contemplation of death. The burden of proof of taxability is upon the taxing authority and we think it has met that burden. The elements leading to this conclusion are the donor's age in the years when the trusts were set up, 73 in the wife's case, 71 in the case of the children's original trust and 75 when the latter were made irrevocable; the fact that they follow a pattern usual in testamentary dispositions; and the fact that the trusts disposed of about 40% of donor's estate. On the other hand, we are not unmindful of the elements which point away from the thought that contemplation of death was the motivation, i.e.,
the legitimate desire to reduce income taxes and the desire to secure the independence of his family, neither of which reasons is necessarily incompatible with the disposition being made in contemplation of death. None of the elements pointing toward contemplation of death are, standing alone, conclusive, but each is an element to be balanced and in this case we think that in the aggregate they tip the balance in favor of taxability.
The determination appealed from is affirmed. *Page 109